Baldwin, J.
delivered the opinion of the Court.
It appears to the Court that the appellee Joseph Van-meter, on the 23d of April 1810, in order to secure several large sums of money which he owed to Jacob Vanmeter, the testator of the appellants, and to indemnify him for liabilities as his surety, executed a deed of trust by which he conveyed several tracts of land in the county of Hardy for those purposes; and after-wards, to wit, on the 1st of March 1824, the said Joseph Vanmeter, by way of fuvther security to said Jacob Vanmeter for all debts which he still owed him, and for all liabilities as his surety, executed to said Jacob a *161 deed in the nature of a mortgage, by which he subjected all his lands in the county of Hardy for such securily and indemnity. The said Joseph 'Vanmeter subsequently, to wit, on the 16th of March 1826, on a settlement with said Jacob of the debts aforesaid, and advanees on account of the liabilities aforesaid, executed to him his obligation for the sum of 14,992 dollars 81 cents, the balance then ascertained in favour of said Jacob. And thereafter the said Joseph Vanmeter becoming further indebted to the said Jacob, executed to him his obligations therefor, to wit, one for 812 dollars on the 26th of September 1826, and another for 688 dollars 81 cents on the 14th of August 1827, and a third, with his sons Abraham and Isaac Vanmeter as sureties therein, for 1387 dollars 31 cents on the 1st of December 1827.
It further appears that the said Joseph Vanmeter on the 17th of October 1827, by a deed purporting to be an indenture between him and his said sons Abraham and Isaac Vanmeter, hut executed by the grantor only, in consideration of their binding themselves to pay all debts doe and owing by the said Joseph, and to pay to him 500 dollars per annum during his life, conveyed to them in fee all his lands in the Stale of Virginia and the United States, with the exception of a tract in the county of Monongalia: and that said Abraham and Isaac Vanmeter accepted said deed, and have held and enjoyed the property thereby conveyed.
And the Court is of opinion that the said Abraham and Isaac Vanmeter, by their acceptance of said deed and enjoyment of the subject, have acknowledged their personal liability for the debts of the. grantor existing at the time of the execution of said deed, and the creditors have a right to enforce it. The condition was one which it was the right and the duty of the grantor to exact for the benefit of his creditors, and is equivalent to a covenant on the part of the grantees. If it was at *162 all revocable by the grantor, he has in no wise attempted to revoke or resist its execution; and it cannot be resisted by the grantees, who, so far from shewing any ground of objection thereto, have expressly admitted in answer the contract on their part,
And the Court is further of opinion that the said Abraham and Isaac Vanmeter are not only personally liable for the payment of such debts, but the creditors have a right to resort in a Court of Equity, to the lands conveyed by said deed, while in the hands of said grantees, in order to obtain satisfaction of their demands. It is true there is no trust expressly created by said deed, and that bona fide purchasers of the property thereby conveyed might not be bound to see to the application of the purchase money to the payment of said debts; but it is also true that such payment was a part of the consideration for the conveyance, and it is against equity and good conscience that the grantees should be permitted to hold the property without making such payment ; nor can it be presumed that such was the intention of the parties, as that, under the circumstances, would have been fraudulent as against the creditors of the grantor; or that they did not regard the property conveyed as a means of enabling the grantees to make such payment, and to be resorted to if necessary for that purpose. A Court of Equity will therefore treat the subject as in the nature of a trust, and establish a lien on the property while in the hands of the grantees and their representatives as a means of compelling its performance.
It further appears that the said Jacob Vanmeter in his lifetime instituted his suit in the late Chancery Court of Winchester, against the said Abraham, Isaac and Joseph Vanmeter, in order to recover the moneys due him as aforesaid; and to subject to the payment thereof the lands embraced by the said deed of trust of the 23d of April 1810, and the said deed in the nature of a mortgage of the 1st of March 1824, to wit, the lands of said *163 Joseph in the county of Hardy. By the interlocutory decree rendered in that suit in April 1830, the said Abraham, Isaac and Joseph Vanmeter were directed to pay to the executors of said Jacob Vanmeter, in whose name the cause after his death had been revived, the sum of 24,831 dollars 12 cents, with interest on the greater part thereof till paid, and the plaintiffs’ costs; and in the event of their default, the marshal of the Court was directed to make sale of the lands embraced by said deeds of the 23d of April 1810, and 1st of March 1824, and convey the same to the purchasers, The marshal, in conformity with said decree, sold the lands situate in the county of Hardy, consisting of twelve distinct tracts, for the amount of 12,465 dollars. And by a further decree rendered in said suit in June 1831, the marshal’s report of his sales was confirmed, and the proceeds thereof applied towards the satisfaction of the amount due to the plaintiffs.
And the Court is of opinion that the last mentioned decree of the Winchester Chancery Court was a final decree. It had the effect of confirming the previous personal decree, disposed of the whole subject, gave all the relief that was contemplated, and nothing more remained to be done in that cause.
It further appears to the Court that on the 25th of February 1825, the said Joseph Vanmeter executed a deed of trust, by which he conveyed to Abraham Inskeep, as trustee, a tract of land in the county of Hampshire, called Claypoles, to indemnify the said Jacob Van-meter and a certain Isaac Vanmeter the elder, as endorsers for the said Joseph Vanmeter in the Bank of the Valley at Romney, and as additional security for the purposes of the aforesaid deed in the nature of a mortgage, of the 1st of March 1824; by the provisions of which deed to Inskeep the proceeds from the sale of the land in Hampshire, thereby conveyed, were to be applied first to the payment of the bank debt, and then to *164 wards the discharge of the mortgage debt. The said Claypole land was sold by the trustee under the provisions of that deed.
It further appears that besides the twelve tracts of land in Hardy sold by the marshal under the decree of the Winchester Chancery Court, the said Joseph Van-meter was, at the date of his said deed to his sons of the 17th of October 1827, the owner of other lands lying in the counties of Hardy, Hampshire and Preston, and in the States of Kentucky, Ohio and Illinois.
It further appears that the objects of the present suit, brought by the executors of said Jacob Vanmeter in the Circuit Court of Hampshire against the said Abraham and Isaac Vanmeter and others, were to compel payment by the said Abraham and Isaac of the balance of the amount decreed against them personally in the Winchester chancery suit, after the application thereto of the proceeds of the marshal’s sales; and to subject to that balance so much of the proceeds -from the sale of the Claypole land as was -properly applicable thereto, and also the aforesaid unsold lands in the counties of Hardy, Hampshire and Preston, and the States of Kentucky, Ohio and Illinois.
It further appears that pending the present suit, the defendants Abraham and Isaac Vanmeter, by leave of the Court, filed what they called their cross bill and bill of review, for the purpose of reversing the decree of the Winchester Chancery Court. That bill was properly dismissed by the interlocutory decree of the 5th of May 1834. Independently of the want of jurisdiction in the Circuit Court of Hatnpshire to review the decree of the Chancery Court of Winchester, the grounds of the bill were wholly untenable. These were, 1. That Abraham and Isaac Vanmeter were not properly liable to a personal decree against them at the suit of the creditors for the debts due from Joseph Vanmeter which they had undertaken to pay as aforesaid : 2. That it was error -to *165 direct the property embraced by the deed of trust and the mortgage to bo sold, without some previous proceeding to ascertain the description of the lands. This cannot he said to be error on the face of the decree, for non constat that any difficulty on that subject would occur, especially when we take Into view the knowledge which the said Abraham and Isaac Vanmeter must be supposed to have had as the owners of the property. And in point of fact it does not appear that there was any difficulty or loss, and if there had been, the proper mode of redress was an exception to the report of the marshal, and an application to the Court to set aside the sale, not a bill of review after a final decree. 3. That the sale was improperly conducted by the marshal. This, if true, which has not been shown, does not appear upon the face of the decree, and is therefore not proper matter for a hill of review.
It further appears that by the interlocutory decree in tiro present suit of the 12th of October 1832, a commissioner was directed to ascertain and stale the balance remaining due and unpaid to the complainants upon the decree of the Winchester Chancery Court, after deducting the amount raised by the sale of lands in that canse; and to ascertain and state the amount of the fund in the hands of the trustee Inskeep, arising out of the sale of the Clmjpole laud, properly applicable to the balance due the complainants; and to ascertain and state the rents and profits taken or received by the said Abraham and Isaac Vanmeter out of the lands conveyed to them by the deed to them from said Joseph Vanmeter of the 17th of October 1827: and to ascertain and state what tracts of land were conveyed to the said Abraham and Isaac by the said Joseph by said deed of the 17th of October 1827, excepting such as had been sold by the marshal under the decree of the Winchester Chancery Court. And those matters were accordingly ascertained and stated by the report of the commissioner.
*166 And by the interlocutory decree in the present suit of the 5th of May 1834, so much of the said Claypole fund as was properly applicable to the amount due the com-was so applied; and the said Abraham and ^saac Vanmeter were directed to pay to the complainants the amount, principal and interest, of the aforesaid obligation for 1387 dollars 31 cents, executed by them and said Joseph Vanmeter to said Jacob Vanmeter, on the 1st of December 1827; and the commissioner was directed to ascertain and report the balance still due to the complainants after deducting the sums thereby directed to be paid.
And by the interlocutory decree in the present suit of the 17th of September 1834, the balance still due the complainants, after crediting the sum applied from the Claypole fund, and deducting the amount of said obligation for 1387 dollars 31 cents, was ascertained, from the report of the commissioner, to be 10,414 dollars 68 cents, with interest from the 14th of December 1833; in part of which the said Abraham and Isaac Vanmeter were directed to pay to the complainants the sums ascertained on account of rents and profits as aforesaid; and for the residue of said balance, the lands not sold in the Winchester chancery suit were directed to be sold by a commissioner.
And the Court is of opinion, that the proceedings to ascertain and compel payment from the said Abraham and Isaac Vanmeter of the aforesaid rents and profits received by them was a work of supererogation, inasmuch as such payment could only enure as a discharge in part of the balance due from them to the complainants, for which balance they were already personally bound.
It further appears, that under said interlocutory decree of the 17th of September 1834, the commissioner sold the lands not sold in the Winchester chancery suit, and reported the payments made to him by the purchasers *167 in cash, and their bonds for the deferred instalments; and that by the decretal order of the 15th of April 1836, confirming said report, part of the cash payments was directed to be paid, and part of the bonds for the deferred instalments to be delivered to the complainants in part discharge of the amount due them, and the rest of the cash payments and of the bonds were directed to be paid and delivered to a receiver of the Court.
And the Court, without deciding whether it was proper to subject to sale such of the lands conveyed by the said Joseph Vanmeter to his sons as aforesaid, as lie beyond the limits of this Commonwealth, is of opinion that the sales having been made and confirmed without objection, there can be no propriety in now disturbing the same.
It further appears, that in the progress of the present suit, Jacob Miller, adm’r de bonis non, with the will annexed, of one Abraham Vanmeter the elder, and Thomas Brammal, claiming to be creditors of the said Joseph Vanmeter, and as such entitled to participate with the complainants in subjecting the lands conveyed by the said Joseph’s deed to his sons of the 17th of October 1827, were, by leave of the Court, directed to be made parties in the cause, and were accordingly made so by a supplemental bill of tho complainants: but which they have not answered, nor does it appear that they have been served with process, or that any opportunity has been afforded them of establishing before a commissioner the justice of their claims.
And it further appears, that after the said interlocutory decree of the 5th of May 1834, the said Abraham and Isaac Vanmeter removed beyond the limits of this Commonwealth; and by the said supplemental bill, the complainants sought to subject a large sum of money, in which a certain Michael Miller was indebted to the said A braham Vanmeter, to the payment of the amount, principal and interest, of tho aforesaid obligation for *168 1387 dollars 31 cents, executed by the said Abraham and Isaac, and the said Joseph, to the said Jacob, and which by said interlocutory decree of the 5th of May 1834, the said Abraham and Isaac were directed to pay to the complainants.
And by the interlocutory decree in the present suit of the 10th of April 1837, the said Michael Miller was directed, out of a part then due of the said debt to the said Abraham Vanmeter, to pay to the complainants the sum of 1400 dollars, to be applied as a credit to the said Abraham and Isaac Vanmeter, against the principal money and interest of this aforesaid obligation for 1387 dollars 31 cents, which by the aforesaid interlocutory decree of the 5th of May 1834, they were directed to pay to the complainants; and the master commissioner was directed to state an account shewing what amount would remain due and unsatisfied to the complainants after the application of the said credit for 1400 dollars, and after the application of a credit for so .much of the proceeds of sales by the commissioner under the said interlocutory decree of the 17th of September 1834, as by the said interlocutory decree of the 15th of April 1836, was appropriated towards the amount due the complainants: and the master commissioner was directed to report separately the balance which would remain of the said sum of 1387 dollars 31 cents, and interest thereon.
And the master commissioner, in .obedience to the said interlocutory decree of the 10th of April 1837, made his report, ascertaining the balance still due the complainants, exclusive of said obligation for 1387 dollars 31 cents, to be 11,546 dollars 63| cents, with interest .on 10,414 dollars 68 cents, part thereof, from the 15th of April 1838; and also ascertaining the balance still due on the 1387 dollars 31 cents, and interest thereon, after the application of the credit for the 1400 dollars.
*169 And by the interlocutory decree in the present suit of the 16th of April 1838, the last mentioned report of the master commissioner was confirmed, and the said Michael Miller, out of the aforesaid purchase money in his hands, directed to pay to the complainants the residue of the amount, principal and interest, of the decree upon the aforesaid obligation for 1387 dollars 31 cents, after crediting the aforesaid sum of 1400 dollars.
And it further appears to the Court that by the interlocutory decree in the present suit of the 14th of April 1840, it was held that the said Abraham and Isaac Vanmeler were not personally bound by the provisions of the aforesaid deed to them from the said Joseph Van-meter of the 17th of October 1827, to pay the debts of the said Joseph, and consequently a decree was denied to the complainants against the said Abraham and Isaac Vanmeter personally for the aforesaid balance ascertained to be due to the complainants: and it was decreed that the said Michael Miller should pay to a receiver of the Court the money admitted in his answer to be due from him to the said Abraham Vanmeter, after deducting so much thereof as may have been paid by him to the complainants under said interlocutory decree of the 16th of April 1838, and after deducting also the amount of certain moneys paid by said Michael Miller and a certain David Parsons, as endorsers in bank for the said Abraham Vanmeter.
And the Court is of opinion that the said interlocutory decree of the 14th of April 1840, is erroneous in holding that the said Abraham and Isaac Vanmeter are not personally liable to the complainants for the aforesaid balance ascertained to be due them as aforesaid; and in failing to decree payment thereof against the said Abraham and Isaac Vanmeter, and Joseph Vanmeter's personal representative.
And it further appears that by the decree in the present suit of the 13th of September 1842, upon a rehear *170 ing which had been granted to the said Abraham and Isaac Vanmeter of part of the aforesaid interlocutory decree of the 17th of September 1834, it was held that the said Abraham and Isaac Vanmeter were not liable ^01' reQ^s an<^ profits of the lands conveyed to them as aforesaid; and therefore so much of the last mentioned interlocutory decree as decreed rents and profits against them was vacated and annulled : and it was further ordered and decreed that the receiver of the Court should pay to the said Abraham Vanmeter the money directed to be paid into said receiver’s hands by the said interlocutory decree of the 14th of April 1840; and it was further ordered and decreed that the bills of the complainants should as to the said Abraham and Isaac Van-meter, be dismissed.
And the Court, without deciding whether the said Abraham and Isaac Vanmeter were accountable for rents and profits, is of opinion, for reasons already suggested, that the vacation by said decree of the 13th of September 1842, of so much of said decree of the 17th of September 1834, as awarded rents and profits against them, is wholly immaterial.
And the Court is further of opinion, that so much of said decree of the 13th of September 1842, as directs that the receiver of the Court should pay to the said Abraham Vanmeter the money which had been directed to be paid into said receiver’s hands by the said interlocutory decree of the 14th of April 1840 is erroneous, because that money was properly applicable, as funds of the said Abraham Vanmeter, towards the discharge of the personal liability of him and the said Isaac, for the debts of the said Joseph Vamneter ; and because it had already been so far as requisite, appropriated by said interlocutory decrees of the 10th of April 1837, and the 16th of April 1838, to the payment of the aforesaid debt of 1387 dollars 31 cents, for which the said Abraham and Isaac, together with the said Jo *171 seph, had by their aforesaid obligation of the 1st of Decomber 1827, subjected themselves to a personal liability unquestioned and unquestionable.
And the Court is further of opinion, that so much of the said decree of the 13th of September 1842, as dismisses the hills of the complainants is also erroneous, they having already received, and being entitled to still further relief. The further relief to which they were entitled was a personal decree against the said Abraham and Isaac, and the personal representative of the said Joseph Vanmeter, who has died, for the aforesaid sum of 11,546 dollars 632 cents, with interest on 10,414 dollars 68 cents, part thereof, from the 15th of April 1838, till paid, and the costs expended by them in the prosecution of their suit; and to the following application of the funds within the control of the Court, to wit: The balance of the debt duo from the said Michael Miller to the said Abraham Vanmeter, after reimbursement of the moneys paid by the said Michael, and David Parsons, as endorsers in bank for the said Abraham Vanmeter, ought to have been applied absolutely and unconditionally. to the discharge of the principal and interest of the debt of 1387 dollars 31 cents, for which the said Abraham and Isaac, with the said Joseph Vanmeter, had executed their obligation, and which by the aforesaid interlocutory decree of the 5th of May 1834, they were directed to pay to the complainants; and any residue of the said debt due from the said Michael Miller, ought then to have been applied towards the discharge of the principal and interest of the aforesaid balance due the complainants of 11,546 dollars 63§ cents. And the other funds within the control of the Court arising out of the sales of lands unsold in the Winchester chancery suit, ought also to have been applied towards the discharge of the principal and interest of said balance of 11.546 dollars 63| cents. But these applications in favour of the complainants of the said funds within the *172 control of the Court, ought to be subject to the proper modification, if any, arising out of the claims of Jacob Miller, administrator de bonis non with the will annexed °f Abraham Vanmeter the elder, and Thomas Bramma^i as creditors of the said Joseph Vanmeter, to participate therein, with a view to which the debts, if any due them, ought to be established before a commissioner, and then the question adjudicated whether they are entitled therefor to such participation.
It is therefore adjudged, ordered and decreed, that so much of the said decrees of the said Circuit Court of the 14th of April 1840, and the 13th of September 1842, as is above declared to be erroneous, be reversed and annulled, and that the appellees Abraham and Isaac Van-meter, and Joseph Vanmeter's personal representative, do pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here; and the cause is remanded to the said Circuit Court to be farther proceeded in according to the principles of the foregoing opinion and decree.